Davis Wright
Tremaine LLP

Suite 800
1919 Pennsylvania Avenue NW
Washington, DC 20006-3402

**T. Scott Thompson**
202.973.4208 tel
202.973.4499 fax

April 3, 2012

**VIA ECF**
Honorable Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

      Re:    T-Mobile Northeast LLC v. The Town of Hempstead and Town of Hempstead
              <u>Board of Appeals, Case No. CV 11-00239 (ADS)(WDW)</u>

Dear Judge Spatt:

      Plaintiff T-Mobile Northeast LLC ("T-Mobile") respectfully requests a pre-motion conference for leave to file a motion for summary judgment. On February 28, 2012, T-Mobile served Defendants Town of Hempstead and Town of Hempstead Board of Appeals (collectively, the "Board") with a Local Civil Rule 56.1 statement (Attachment 1). On March 13, 2012, the Town served a counter-statement (Attachment 2). The following summarizes T-Mobile's claims and the basis for summary judgment.

      This action involves claims under the federal Communications Act, 47 U.S.C. § 332(c)(7), challenging the Board's unlawful denial of T-Mobile's application to install a wireless telecommunications facility at the Wantagh Jewish Center in the Town of Hempstead. Such Communications Act claims are commonly resolved on motions for summary judgment. *E.g., MetroPCS New York, LLC v. Village of East Hills*, 764 F. Supp.2d 441 (E.D.N.Y. 2011).

      **The Board's denial violates Section 332(c)(7)(B)(iii) because it is not based on substantial evidence.** Contrary to the evidence before it, the Board denied T-Mobile's Application based on factors not found in the Hempstead Zoning Code and/or wholly lacking in evidentiary support. The Board denial claimed that T-Mobile failed to prove (1) that there were no suitable alternatives to the site at the Jewish Center, (2) that there would be no negative impact on surrounding property values, (3) that there would be no adverse aesthetic impact, and (4) that there was a need for the proposed antennas. These bases are contrary to the Hempstead Zoning Code, as it existed at the time, and/or the evidence presented to the Board, and the denial is thus not supported by substantial evidence. Indeed, the record evidence demonstrates that the objections to T-Mobile's Application were based on fears about radio frequency ("RF") emissions, not legitimate and lawful grounds. *See, e.g., T-Mobile Northeast LLC v. City of Newport News*, 2012 US App. Lexis 6159 (4th Cir. Mar. 26, 2012) (when concerns over RF emissions were eliminated there was no substantial evidence); *T-Mobile Northeast LLC v. Village of East Hills*, 2011 US Dist. Lexis 29815 at *18 (E.D.N.Y. Mar. 2, 2011). Because this claim is limited to the record evidence before the Board, there can be no dispute of material fact.

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

**The Board's denial is improperly based on the regulation of RF emissions.**  Section 332(c)(7)(B)(iv) of the Communications Act prohibits attempts to regulate wireless facilities directly *or indirectly* based even on a perception of health risk associated with RF emissions. *See, e.g., Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 495 (2d Cir. 1999); *Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691 F.Supp. 2d 355, 362-63 (E.D.N.Y. 2010) (Spatt, J.).  Here, the Board's denial was based on complaints by community members that were clearly concerned with health risks from RF.  Accordingly, the Board's denial is impermissibly based on concerns over RF emissions.

**The Board's denial effectively prohibits T-Mobile from providing personal wireless services in violation of Section 332(c)(7)(B)(i)(II) of the Act.**  The Board's denial has the effect of prohibiting the provision of wireless service because (1) T-Mobile has a significant gap in its coverage and (2) the proposed location is the least intrusive on the values the Board'd denial sought to serve. *See Sprint Spectrum L.P. v. Willoth,* 176 F.3d 630, 642 (2d Cir. 1999).  T-Mobile's expert RF engineering testimony demonstrates that T-Mobile has a significant gap in its ability to provide reliable wireless service, particularly inside buildings.  The Board's rebuttal expert report does not create a genuine issue of material fact.  The Board's witness does not testify that T-Mobile does not have a significant gap in coverage and admits that T-Mobile's standard for in-building coverage is reasonable.  At most, the Board's witness asserts that T-Mobile does not require in-building coverage, not that it lacks such coverage.  Yet, courts have recognized already that lack of in-building coverage creates a significant gap in service. *See, e.g., MetroPCS, Inc. v. City Of San Francisco*, 2006 WL 1699580 at *10 (N.D. Cal. 2006); *Willoth*, 176 F.3d at 643; *MetroPCS v. Village of East Hills*, 764 F. Supp.2d 441, 454-55 (E.D.N.Y. 2011).  The Board has cited no evidence of available alternatives to the Proposed Facility.  Accordingly, the Board's denial violates 47 U.S.C. § 332(c)(7)(B)(i)(II).

In light of the foregoing, we respectfully request that Your Honor schedule a pre-motion conference on T-Mobile's anticipated motion for summary judgment at your earliest convenience.  To facilitate scheduling and for the convenience of lead counsel located in Washington, DC, we also request that the pre-motion conference be held by telephone.

Respectfully Submitted,

T. Scott Thompson (*pro hac vice*)
Davis Wright Tremaine LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington D.C. 20006
Telephone: (202) 973-4200

Lacy H. Koonce, III
1633 Broadway
New York, New York 10019
Telephone: (212) 489-8230
*Counsel for Plaintiff T-Mobile Northeast LLC*

cc: Todd Corwin Steckler, Esq.